**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLARK DEMETRO, et al., | Civil Action No.: 11-4377 (JLL) |
| Plaintiffs, | |
| v. | **OPINION** |
| P. MILIE, et al., | |
| Defendants. | |

This matter comes before the Court by way of Defendants City of Linden Police Officers Nicole Melchionna ("Melchionna") and Gary Dudash ("Dudash")'s Motion to Dismiss Counts I and V of Plaintiffs' First Amended Complaint as against them for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). [Docket Entry No. 24]. On March 28, 2012, the Parties filed a joint stipulation of dismissal with prejudice as to Defendant Nicola Melchionna, incorrectly identified in Plaintiff's First Amended Complaint as P. Milie, Badge No. 268. [Docket Entry No. 30]. The Court so ordered the stipulated dismissal with prejudice as to Defendant Melchionna, leaving Defendant Dudash ("Dudash") as the only moving party in the instant motion. [Docket Entry No. 32]. As explained below, since both Parties submitted material outside the pleadings regarding the police documents detailing Plaintiff Clark Demetro's arrest, in considering those materials, the Court must treat Defendant's motion to dismiss as one for summary judgment pursuant to Fed. R. Civ. P. 12(d). The Court has considered the submissions of the Parties in support of and in opposition to the instant motion, and decides the motion on the papers pursuant to Fed. R. Civ. P. 78. For the reasons stated

herein, Defendant's motion for summary judgment is granted.

## I. BACKGROUND

The First Amended Complaint states a number of facts concerning a series of discriminatory acts committed by Defendants named and unnamed individual police officers as well as the National Association of Bunco Investigators ("NABI") against Plaintiffs Frankie Quick, Eddie Demetro and Josh Demetro. However, the instant Motion seeks only to dismiss the claims of Plaintiff Clark Demetro as against the individual named officer Gary Dudash of the City of Linden Police Department. The Court accordingly limits its summary of the facts alleged to those stated in Counts I and V of Plaintiffs' First Amended Complaint as they are the only Counts which state facts pertaining to said Plaintiff and Defendant.

On or about June 2, 2011, Plaintiff Clark Demetro claims he was falsely arrested for placing a false 911 call as well as for assault and harassment by Defendant Dudash. (Am. Compl., Count I, ¶¶ 1-2). On the date of the arrest, Plaintiff Demetro alleges that the 911 call was placed by a female neighbor who used her cellular phone to report a disturbance and an assault against Plaintiff by a third party. (Id. ¶ 5). Plaintiff asserts that Defendant Dudash requested, and the Linden Municipal Court ordered, a high bail in the amount of $2,500.00 cash for the false 911 call complaint and $1,000.00 for the assault complaint, without taking into consideration "the protest of Plaintiff, Clark Demetro that he did not place the 911 call or that an assault by Mr. Demetro did not in fact occur." (Id. ¶ 4). The complaint as against Plaintiff Clark Demetro for placing a false 911 call was administratively dismissed by the Office of the Prosecutor, Union County, on September 19, 2011. (Id. ¶ 12). The complaint as against the same for assault and harassment was dismissed by the Municipal Court, Union County on

November 2, 2011. (Id. ¶ 13).

Plaintiff Clark Demetro also claims that prior to, during, and following his arrest, he was subjected to ethnic slurs, name calling, and multiple acts of discrimination and prejudice related to the "defendant's belief that Plaintiff is a 'Gypsy.'" (Id. ¶ 6). Plaintiff asserts that Defendant Dudash questioned him "as to his ethnic background, and the names and addresses of other known Roma identified on the web site and publications of Defendant, NABI." (Id. ¶ 7). Finally, the Complaint state that it is believed and averred that, with the cooperation and consent of Defendant Dudash, Andy Span, an employee of the City of Linden Police Department and a member of NABI, sent Plaintiff's identifying information and photograph to Defendant NABI for publication on its website and distribution to other police departments within and without the State of New Jersey. (Id. ¶ 11).

Plaintiffs filed their original complaint with this Court on July 28, 2011, alleging that the discriminatory police conduct as against them violated their constitutional rights, actionable pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1988. [Docket Entry No. 1]. Defendants Linden, Cherry Hill, and Elizabeth Police Departments filed separate motions to dismiss that complaint on October 11, 12, and 13, 2011, respectively. [Docket Entry Nos. 6, 7 and 9]. On November 22, 2011, this Court granted Defendants' motions to dismiss with prejudice as against Defendants Cherry Hill and Elizabeth Police Departments, granted Defendant Linden Police Department's motion to dismiss without prejudice, and ordered that the counts brought as against Defendant Linden Police Department and individual members thereof stayed pending resolution of criminal proceedings against Plaintiffs Clark Demetro and Frankie Quick. [Docket Entry Nos. 16, 17].

Plaintiffs filed their First Amended Complaint on January 23, 2012. [Docket Entry No.

3

18]. The instant Motion to Dismiss was filed on February 27, 2012. [Docket Entry No. 24]. In connection with Defendant's Motion, Defendant asked the Court to consider: the Linden Police Department Incident Report dated June 2, 2011, with photographs referenced therein of Ruby Mitchell showing bruising on her right arm and leg; the Domestic Violence Victim's Statement by Ruby Mitchell; the Certification of Police Officer Nicole Melchionna; the June 2, 2011 complaints filed against Plaintiff Clark Demetro; Revised Statewide Bail Schedules; Attendance Records of Detective Andrew Spano; a Transcript of state court proceedings dated December 8, 2011, in the criminal matter arising from Plaintiff Clerk Demetro's arrest; the New Jersey Attorney General Guidelines on Police Response Procedures in Domestic Violence Cases, § 3.8; and the Linden Police Department Policy & Procedures, Domestic Violence, § 652.2.1. (Def. Mot., Cert. of Michael D'Anton ("D'Anton Cert.")). In his Opposition to Defendant's Motion, Plaintiff also submitted: a copy of the June 2, 2011 false 911 call complaint filed against him; a notification by the County Prosecutor that false 911 call complaint had been administratively dismissed on September 19, 2011; a copy of the June 2, 2011 assault and harassment complaint filed against him; and a copy of the stipulation of dismissal as to defendant Nicole Melchionna. (Pl. Opp'n Br., Exs. A-D). Rule 12(d) provides that, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "[a]nd all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). By way of Order dated April 23, 2012, the Court provided such notice to the parties of its intent to treat Defendant's motion as a motion for summary judgment. [Docket Entry No. 34]. The parties were afforded an additional period of time in which to submit any

4

additional supporting papers for the Court's consideration.  The Court made clear in its April 23rd

Order that, "[i]f the parties wish for the Court to consider any additional supporting papers

outside the pleadings, such must be submitted (and received by the Court) on or before May 14,

2012.  To be clear, the Court will <u>not</u> accept any further submissions in connection with this

motion after close of business day on May 14, 2012." (<u>Id.</u>).  As of today's date, the Parties have

not submitted any additional supporting papers outside of those submitted with their original

briefing in the instant Motion.

## II.  LEGAL STANDARD

A court grants summary judgment to a moving party "if the pleadings, the discovery and

disclosure materials on file, and any affidavits show that there is no genuine issue as to any

material fact and that the movant is entitled to judgement as a matter of law." Fed. R. Civ. P.

56(c).  The moving party must first show that no genuine issue of material fact exists. <u>Celotex

Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  Summary judgment is not appropriate where the

evidence before the court reveals a genuine factual disagreement requiring submission to a jury.

An issue is "genuine" if the evidence is such that a reasonable jury could find for the non-moving

party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  Further, "the issue of material

fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be

resolved conclusively in favor of the party asserting its existence; rather, all that is required is

that sufficient evidence supporting the claimed factual dispute be shown to require a jury or

judge to resolve the parties' differing versions of the truth at trial." <u>Id.</u> at 248-49 (citation

omitted).  Unless the Court orders otherwise, a party may move for summary judgment "at any

time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(c).  However, "where the

facts are in possession of the moving party a continuance of a motion for summary judgment for purposes of discovery should be granted as a matter of course." Sames v. Gable, 732 F.2d 49, 51 (3d Cir. 1984)(quoting Ward v. United States, 471 F.2d 667, 670-71 (3d Cir. 1973).

### III. DISCUSSION

A.  Sections 1981 and 1983 Claims (Count I): Plaintiff's June 2, 2011 Arrest

Plaintiffs' Amended Complaint does not clearly delineate the legal theories under which Plaintiff Clark Demetro seeks to vindicate the alleged constitutional violations committed against him.  However, Defendant seeks to dismiss any claim brought pursuant to 42 U.S.C. § 1981 on the basis that Plaintiff has not alleged that he is a member of a racial minority under that statute and that he has failed to sufficiently allege any intent to discriminate on the basis of race since his arrest, based on a domestic violence incident, was mandatory.  (Def. Br., at 9-13).  Defendant also seeks to dismiss any § 1983 claim as against him since: (1) any First Amendment claim fails to assert that Plaintiff was engaging in any protected activity, or that any activity was a substantial or motivating factor in any adverse action; (2) any substantive due process claim must be dismissed because no facts are alleged that any protected interest was deprived from Plaintiff, or that any such deprivation was done in an arbitrary or capricious manner; (3) any procedural due process claim must be dismissed since Plaintiff was afforded his full constitutional rights when his case was heard on December 8, 2011, and his counsel voluntarily stipulated as to probable cause on behalf of his client; and (4) Plaintiff fails to state facts supporting an Equal Protection violation because he is not a member of a protected class, does not allege facts that he was treated differently than similarly situated persons, and that the discriminatory treatment to which he was subjected was intentional and without a rational basis.  (Id. at 14-20).  Finally,

6

Defendant argues that any § 1981 and § 1983 claims as against him must be dismissed on grounds of qualified immunity, or, in the alternative, specific immunity for officers responding to domestic violence complaints. (Id. at 12, 22-26)

Plaintiff's Opposition attempts to bifurcate the false 911 call complaint filed against him from the assault and harassment complaint, alleging that his false arrest claim is made on the separate and distinct basis of his arrest for a false 911 call. (Pl. Opp'n Br., at 9). Further, he claims that the discrimination he suffered was on the basis of his membership in the ethnic minority known as Roma, and that the facts stated in the Complaint regarding the false arrest and ethnic slurs are sufficient to rise to the level of a Constitutional violation. (Id. at 7-10). Plaintiff asserts that Defendant Dudash is not entitled to qualified immunity "since his arrest of plaintiff was not based on domestic violence, was not based upon any reasonable standard since the 9-1-1- [sic] phone call was placed by another person and from another person's cell phone, and was based solely on Officer Dudash's prejudice against plaintiff because of the belief or knowledge that plaintiff is Roma." (Id. at 10). Even if there was probable cause for the arrest for the assault and harassment, Plaintiff argues, "[t]he arrest by Officer Dudash was a separate matter involving different circumstances. The arrest charging a false 9-1-1 call was bogus any [sic] made for an improper purpose without any substantiation of probable cause." (Id. at 14). Since there was no probable cause for the false 911 call arrest, Plaintiff claims that Defendant Dudash is not entitled to qualified immunity. (Id. at 15-16).

Before considering whether Plaintiff has sufficiently alleged claims under §§ 1981 and 1983, the Court will first consider the question of whether Defendant Dudash is entitled to qualified or specific immunity since, if he is so entitled as a matter of law, under no set of facts

will Plaintiff be able to allege said claims as against Defendant. See, e.g., Anderson v.

Creighton, 483 U.S. 635, 651 (1987)(affirming Harlow's implicit assumption "that many

immunity issues could be determined as a matter of law before the parties had exchanged

depositions, answers to interrogatories, and admissions"). A police officer is entitled to the

affirmative defense of qualified or "good faith" immunity if, under an "objective" and

"subjective" analysis, he "knew or reasonably should have known that the action he took within

his sphere of official responsibility would violate the constitutional rights of the [plaintiff], or if

he took the action with the malicious intention to cause a deprivation of constitutional rights or

other injury." Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982)(citations omitted). The objective

element of the analysis involves "a presumptive knowledge of and respect for 'basic,

unquestioned constitutional rights.'" Id. (citing Wood v. Strickland, 420 U.S. 308, 322 (1975)).

The subjective component of the analysis concentrates on "permissible intentions." Id. In

Harlow, the Supreme Court held that "government officials performing discretionary functions,

generally are shielded from liability for civil damages insofar as their conduct does not violate

clearly established statutory or constitutional rights of which a reasonable person would have

known." Id. at 818. In determining whether a government official is qualifiedly immune from

civil damages, a Court asks: (1) whether the facts alleged by the plaintiff show the violation of a

constitutional right, and (2) whether the law was clearly established at the time of the violation.

Saucier v. Katz, 533 U.S. 194, 201 (2001); Kelly v. Borough of Carlisle, 622 F.3d 248, 253 (3d

Cir. 2010). The dispositive inquiry in determining whether a right is clearly established is

"whether it would be clear to a reasonable officer that his conduct was unlawful in the situation

he confronted," and said inquiry "must be undertaken in light of the specific context of the case."

8

Saucier, 533 U.S. at 201-2. Thus, a Court must consider "the state of the existing law at the time of the alleged violation and the circumstances confronting the officer to determine whether a reasonable state actor could have believed his conduct was lawful. Kelly, 622 F.3d at 253 (citing Anderson, 483 U.S. at 641); see also Berg v. County of Allegheny, 219 F.3d 261, 272 (3d Cir. 2000); Paff v. Kaltenbach, 204 F.3d 425, 431 (3d Cir. 2000).

New Jersey law also provides specific immunity protections for law enforcement officers involved in domestic violence cases under N.J.S.A. 2C:25-22 of the Domestic Violence Act, which provides that:

> A law enforcement officer or member of a domestic crisis team or any person who, in good faith, reports a possible incident of domestic violence to the police shall not be held liable in any civil action brought by any party for an arrest based on probable cause, enforcement in good faith of a court order, or any other act or omission in good faith under this act.

N.J.S.A. 2C:25-22. This provision of the Domestic Violence Act "sought to cure the reluctance on the part of the police to arrest alleged perpetrators of domestic violence that had contributed to the under enforcement of the domestic violence laws." Wildoner v. Borough of Ramsey, 162 N.J. 375, 388 (2000)(citing N.J.S.A. 2C:25-18). To that end, the Act "broadened the discretion of a police officer to arrest an alleged perpetrator, even when the victim did not corroborate the incident, provided that the officer has probable cause to believe the incident occurred." Id. (citing N.J.S.A. 2C:25-21(b)). Finally, the New Jersey Attorney General and Linden Police Department Guidelines make mandatory arrests in domestic violence situations where there are "signs of injury" or there is "probable cause to believe a weapon was involved in the act of domestic violence." (Def. Br., D'Anton Cert., Exs. 8 and 9).

The Court finds that Officer Dudash is entitled to specific immunity with respect to

9

Plaintiff Clark Demetro's §§ 1981 and 1983 claims. While Plaintiff claims in his Opposition brief that the false 911 call complaint and the assault and harassment complaint are separate instances with different probable cause determinations involved in an arrest for each, the Complaint gives no indication that the complaints did not rest on the same facts and circumstances surrounding the police summons to Plaintiff's residence for the alleged domestic violence incident which had occurred. Further, the Parties do not dispute any of the material facts on record regarding Plaintiff's arrest: that Gary Dudash was the arresting officer on the night of June 2, 2011; that the Complaint filed against him for the false 911 calls lists as its foundation: "prevent future acts of domestic violence" (Pl. Opp'n Br., Ex. A, "Complaint / Warrant 2009-W-2011-000616"); that Officer Dudash's Incident Report states that, "[Sgt. Fernandez] advised me that Clark Demetro was involved in a domestic violence incident (see case #11-20348) and would be placed under arrest. I placed Clark Demetro under arrest and handcuffed him" (Def. Reply Br., D'Anton Cert. 2, Ex. 1); that the second June 2, 2011 complaint filed against Plaintiff contains a certification by Nicole Melanchionna that Plaintiff committed "assault by purposely, knowingly or recklessly causing bodily injury to Ruby Mitchell, specifically by kicking and punching her in the arm and leg area in violation of 2C:12-1A(1)" (Pl. Opp'n Br., Ex. C, "Complaint Warrant 2009-W-2011-000618"); that Officer Melchionna's Incident Report indicates that "Clark Demetro was placed under arrest for DV assault and creating a false public alarm" (Def. Reply Br., D'Anton Cert. 2, Ex. 1); and that the injuries to Ms. Mitchell were supported by: (1) a Linden Police Department Incident Report #11020348, dated June 2, 2011, with photographs referenced therein of Ms. Mitchell showing bruising on her right arm and leg, (2) a domestic violence victim's statement by Ms. Mitchell

10

dated June 2, 2011, and (3) the certification of Officer Melchionna. (Def. Br., D'Anton Cert., Exs. 1-3). Given the mandatory arrest requirement placed on Defendant Dudash pursuant to N.J.S.A. 2C:25-22, the fact that the 911 call is agreed to have been placed in connection with reporting an assault resulting from the domestic violence incident, and the clear immunity granted under New Jersey law for law enforcement officers reporting incidents of domestic violence in civil actions brought by any party for an arrest based on probable cause, the Court finds that Defendant is entitled to specific immunity as a matter of law.[1] (See Compl., ¶ 5 ("the 911 call was placed by a female neighbor who used her cellular phone to report an assault"); Def. Br., at 10-13, 25-26; Pl. Opp'n Br., at 5, 10, 15-16; Def. Reply Br., at 1-2, 6-7). The Court accordingly grants Defendant his Motion for Summary Judgment.

Since Plaintiff cannot sustain any §§ 1981 or 1983 claims as against Defendant Dudash on his arrest claim, he is not entitled to recover under 42 U.S.C. § 1988 as to that claim. Section 1988 provides as follows:

> In any action or proceeding to enforce a provision of sections 1981 . . . [and] 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988. Since Plaintiff cannot be a prevailing party in his suit against Defendant Dudash, he cannot recover fees under § 1988.

B. Sections 1981, 1983 and 1985 Claims (Count I): Transmission of Defendant's

---

[1] The Court takes judicial notice of Plaintiff's voluntary stipulation as to probable cause on both charges filed on June 2, 2011 in the underlying criminal proceedings of State v. Demetro, as stated by Defendant's counsel on the record in the December 8, 2011 hearing before the Honorable Cassandra Corbett, U.S.M.J. (See Def. Br., D'Anton Cert., Ex. 7, Tr. of Dec. 8, 2011 Hr'g, at 4:15-18).

Information to NABI[2]

Plaintiff's Amended Complaint alleges that an employee of the Linden City Police

Department, "Andy Span," is a member of the National Association of Bunco Investigators

("NABI"), and "[i]t is believed and therefore averred that with the cooperation and consent of the

Defendant . . . Police Officer Gary Duchal [sic], . . . Andy Span . . . sent Plaintiff's identifying

information and photograph to Defendant NABI for publication on its web site and distribution

to other police departments within and without the State of New Jersey." (Compl., ¶¶ 10-11).

The Complaint also states that NABI "maintains, publishes and distributes photographs, private

information, public information and police records . . . for purposes motivated by racial and/or

ethnic discrimination, bias and prejudice in violation of the Plaintiff's civil rights." (Id. ¶ 42).

Specifically, the Complaint alleges that NABI's website singles out "Roma people as criminals

and makes a pointed effort to identify, apprehend and prosecute 'Gypsies.'" (Id. ¶ 44).

In Defendant's Motion to Dismiss, he identifies "Andy Span" as former Linden Detective

Andy Spano, and states that "[p]ersonnel records indicate that Detective Spano was on terminal

leave when the June 2, 2011 arrest occurred. Moreover, he was on the [sic] leave for most of

2011 until he retired in June of 2011." (Def. Br., at 6; D'Anton Cert., Ex. 6). Thus, Defendant

asserts, "it was impossible for him to have any involvement in Demetro's June 2, 2011 arrest."

(Id.). Regarding the alleged distribution of Plaintiff's identifying information and photograph,

Defendant denies any connection between NABI and Officer Dudash, and argues that the

allegation that Detective Spano belonged to NABI or that Defendant Dudash fed information

---

[2]Since the Court does not rely on materials outside the pleadings to assess this claim, the
Court reviews it pursuant to Fed. R. Civ. P. 12(b)(6) as that motion was filed by Defendant.

about Plaintiff to NABI through Mr. Spano is unsupported, "the very essence of the phrases, 'bald face allegations,' 'conclusory statements,' and 'amorphous.'" (Def. Br., at 9).  While Plaintiff argues in his Opposition Brief that Mr. Spano is in fact a member of NABI as evidenced by a membership list published on its website, Defendant states that "Officer Dudash has no knowledge of any purported membership by [Mr. Spano] in [NABI]," and that Mr. Spano in any case is not a party in the case at bar.  (See Pl. Opp'n Br., at 9; Def. Reply Br., at 5).  Defendant also denies that Mr. Spano is listed on the NABI website, stating that the website "lists only the Board of Directors; none of whom are past or present members of the Linden Police Department." (Def. Reply Br., at 5; D'Anton Cert. 2, Ex. 3).

Plaintiff does not assert a clear legal theory for liability for his information and photograph dissemination claim.  From what the Court can construe, Plaintiff essentially asserts a Fourteenth Amendment privacy claim under 42 U.S.C. § 1983 for a violation of a constitutional confidentiality right.  The right to privacy "protects two types of interests: 'One is the individual interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions.'" Hedges v. Musco, 204 F.3d 109, 121 (3d Cir. 2000)(quoting Whalen v. Roe, 429 U.S. 589, 599-600 (1977); see also Sterling v. Borough of Minersville, 232 F.3d 190, 193-196 (giving an account of the development of Supreme Court and Third Circuit jurisprudence on the right to privacy).  In the instant matter, it appears that the former interest is the pertinent interest at issue.

The Third Circuit has recognized that some confidential information, such as medical records, are constitutionally protected under the confidentiality branch of the federal privacy right. See, e.g., Scheetz v. Morning Call, Inc., 946 F.2d 202, 206 (3d Cir. 1991); United States v.

13

Westinghouse Elec. Corp., 638 F.2d 570 (3d Cir. 1980).  The threshold inquiry is whether the information is "within an individual's reasonable expectations of confidentiality."  C.N. v. Ridgewood Bd. of Educ., 430 F.3d 159,178 (3d Cir. 2005)(quoting Fraternal Order of Police v. City of Philadelphia, 812 F.2d 105, 112 (3d Cir. 1987)(quotations omitted).  Accordingly, the more intimate and personal the information is, the more justified the expectation that the information will not be publically disclosed.  Id.  The Third Circuit has held that there is no constitutionally protected privacy interest in information divulged in police reports that are a matter of public record.  See Scheetz, 946 F.2d at 205-207 (discussing how plaintiff could not expect information reported to police as part of a potential crime to remain private when police could bring charges without her concurrence and "at which point all the information would have would up on the public record, where it would have been non-confidential")(citing Cox Broadcasting Corp. v. Cohn, 420 U.S. 469, 494-95 (1975)(holding that "the interests in privacy fade when the information involved already appears on the public record")).  Since Plaintiff's identifying information and photograph were part of his criminal record obtained on arrest, Plaintiff cannot state a claim that he had a privacy interest in such information as they were a matter of public record.  Further, Plaintiff's Complaint states no facts that the distribution information and photograph were publicly disclosed, particularly since Plaintiff's Complaint clearly states that the NABI website had separate sections with one section "limited to actual law enforcement personnel and government prosecutors."  (Compl., ¶ 45).  The Court therefore dismisses Plaintiff's privacy claim as asserted in Count I of his Amended Complaint.[3]

---

[3]To the extent that Plaintiff attempts to assert an Equal Protection claim on the basis of Defendant Dudash's participation in the distribution of Plaintiff's identifying information and photograph, that claim must fail as well since Plaintiff's Amended Complaint states no facts

14

**IV.  CONCLUSION**

For the reasons set forth above, Defendant's Motion for Summary Judgment in favor of Defendant Dudash is GRANTED as to Counts I and V of Plaintiff's Amended Complaint pertaining to Plaintiff's June 2, 2011 Arrest.  Plaintiff's claim in Counts I and V pertaining to the alleged distribution of his identifying information and photograph is DISMISSED.  An appropriate Order accompanies this Opinion.

DATED: May 31, 2012

_____
Jose L. Linares
United States District Judge

---

concerning whether Plaintiff was treated differently than similarly situated persons or that the treatment was intentional and had no rational basis.  See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985); Village of Willowbrook v. Olech, 528 U.S. 562 (2000).  Further, Plaintiff's § 1985 claim fails since Plaintiff fails to state a deprivation of a constitutional right as stated infra, and beyond conclusory links between Defendant Dudash and Spano, states no facts in support of a conspiracy.  Since Plaintiff fails to state a claim under §§ 1981, 1983 and 1985, he may not assert a § 1988 claim for fees.  See infra, Section III.A; 42 U.S.C. § 1988.

15